# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| LOUISE GRUENTZEL, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>   v.<br><br>WALDEN & SCHUSTER, S.C.,<br><br>        Defendant. | Case No.: 17-cv-1516<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Louise Gruentzel is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from her a debt allegedly incurred for personal, family, or household purposes.

5. Defendant Walden & Schuster, S.C. ("Walden & Schuster") is a domestic service corporation with its principal place of business located at 707 W Moreland Blvd., Suite 9, Waukesha, WI 53188.

6. Walden & Schuster is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Walden & Schuster is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Walden & Schuster is a debt collector as defined in 15 U.S.C. § 1692a.

8. With respect to Plaintiff and the class, Walden & Schuster is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts.

## FACTS

9. On or about January 31, 2017, Walden & Schuster mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Mehran Heydarpour, M.D., S.C." A copy of this letter is attached to this complaint as Exhibit A.

10. The alleged debt that Walden & Schuster was attempting to collect from Plaintiff by means of Exhibit A was incurred for personal, family, or household purposes, namely medical services.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, Exhibit A is a form debt collection letter used by Walden & Schuster to attempt to collect alleged debts.

13. Upon information and belief, Exhibit A was the first letter Plaintiff was sent by Walden & Schuster regarding this alleged debt.

14. Exhibit A contains the following text:

> Federal law gives thirty (30) days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute it within that period, I will assume that it is valid. If you do dispute it – by notifying me in writing to that effect – I will, as required by the law, obtain and mail to you proof of the debt.

15. The text in Walden & Schuster's letter to Plaintiff is inconsistent with 15 U.S.C. §§ 1692g(a)(5), which states:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

16. <u>Exhibit A</u> fails to inform the unsophisticated consumer that he or she has a right to make a written request the name and address of the original creditor, if different from the current creditor, and, if he or she invokes that right, that Walden & Schuster must cease most collection activities until they provide the name of the original creditor. 15 U.S.C. § 1692g(a)(5).

17. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).).

18. Because there is no materiality requirement under 15 U.S.C. § 1692g, where a debt collection letter does not provide the notice required under 15 U.S.C. § 1692g(a)(5), it does not matter whether the original creditor is, in fact, different from the current creditor. *Janetos*, 825 F.3d at 319 (considering a defect in disclosure under 15 U.S.C. § 1692g(a)(2) and holding "Congress decided that a failure to make the disclosure is a failure the Act is meant to penalize. . . . we decline to offer debt collectors a free pass to violate that provision on the theory that the disclosure Congress required is not important enough. There is also no need for individual inquiry about the materiality to any given recipient.").

3

19. For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e and 1692e(10), Defendants' omission is a material violation of the FDCPA. A consumer has a right to exercise verification rights, including to make a request for the identity of the original creditor, and Walden & Schuster's letter does not effectively convey these rights under 15 U.S.C. § 1692g(b).

20. By omitting the § 1692g(a)(5) notice language, Walden & Schuster did not effectively convey to the consumers their rights under the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

21. The consumer is not required to rely upon the debt collector to voluntarily comply with the FDCPA. *McCabe*, 272 F. Supp. 2d at 738.

22. Plaintiff was confused by Exhibit A.

23. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

24. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

25. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such

practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

26. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

27. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

29. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

31. Defendant failed to provide the debt validation notice within five days of its initial communication with Plaintiff.

32. Exhibit A fails to inform the consumer that he or she may obtain the name and address of the original creditor, if different from the current creditor, by making a written request. 15 U.S.C. § 1692g(a)(5).

33. Defendant violated 15 U.S.C. §§ 1692g, 1692g(a), 1692g(b) and 1692e(10).

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes (d) between November 3, 2016 and November 3, 2017, inclusive, (e) that was not returned by the postal service.

35. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

6

Case 2:17-cv-01516-PP    Filed 11/03/17    Page 6 of 8    Document 1

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

37. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

40. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: November 3, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)

7

3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com